T.C. Memo. 2012-120

UNITED STATES TAX COURT

NANCY LEE MCHANEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4125-09.                    Filed April 25, 2012.

Nancy Lee McHaney, pro se.

<u>Laura A. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On November 24, 2008, respondent mailed to petitioner a

notice of deficiency for tax year 2004 determining a deficiency in Federal income

tax and additions to tax.  Also on November 24, 2008, respondent mailed to

petitioner a notice of deficiency for tax year 2006 determining a deficiency in

Federal income tax and additions to tax. Petitioner timely filed a petition with the Court.[1] Respondent and petitioner agree that petitioner's only taxable income was from retirement fund distributions in 2006 and that these distributions total $7,279. Therefore, respondent concedes that petitioner has no deficiency in Federal income tax for 2006. Respondent also concedes that petitioner is not liable for additions to tax under section 6651(a)(1) and (2)[2] or under section 6654 for 2006. Petitioner and respondent also agree that petitioner received $20,000 of taxable income from retirement fund distributions in 2004. After the concessions made by the parties, the issues for decision are whether respondent properly imposed additions to tax for 2004, the tax year remaining in dispute, under section 6651(a)(1) and (2).

---

[1]Petitioner originally filed jointly with her husband, Stephen Kenneth McHaney; however, the case was dismissed on July 2, 2009, as to Mr. McHaney for lack of jurisdiction because he did not receive a notice of deficiency for the taxable years at issue.

[2]All section references are to the Internal Revenue Code in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Florida.

Petitioner was married to Stephen K. McHaney during 2004. Petitioner and Mr. McHaney were married for over 40 years, and during this time he was responsible for filing the couple's joint tax returns. Petitioner and Mr. McHaney credibly testified that they were typically very prompt in gathering all the necessary documents to file their return each year and submitting it to the Internal Revenue Service (IRS). They also would pay any outstanding tax liability at the time the return was filed. In previous years Mr. McHaney purchased the computer software TurboTax to assist him in return preparation. He would then print the return, he and petitioner would sign and date it, and he would mail it to the IRS.

In 2004 the only income petitioner received was two distributions of $10,000 each from a retirement account with Allmerica Financial Life Insurance Annuity and Co. (AFLAC). In order to prepare their 2004 Federal income tax return, petitioner and Mr. McHaney purchased the appropriate TurboTax software. Unfortunately, despite their gathering the necessary documents and purchasing the software, the return was never filed. Petitioner was under the belief that Mr. McHaney had

prepared and filed a joint tax return for taxable year 2004 and that they had paid any tax due.

On July 28, 2008, respondent prepared for petitioner a 2004 substitute for return (SFR) under section 6020(b), relying on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from AFLAC. Petitioner and respondent agree that she received taxable distributions from AFLAC. However, petitioner and Mr. McHaney believed that they had filed a joint return reporting her income and that they had timely filed the return. They also believed that any tax due would have been paid at the time of filing. Unfortunately, petitioner and Mr. McHaney could provide only the receipt proving they had purchased the TurboTax software and could not provide proof that they had mailed their Federal income tax return.[3]

## OPINION

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file her 2004 return timely. Section 6651(a)(1) imposes an addition to tax for the failure to file a required return timely unless the taxpayer can establish that such failure was due to "reasonable cause and not due to

---

[3]The record was kept open for a brief time after the trial. Soon after the trial, Mr. McHaney passed away, and Mrs. McHaney was unable to find any additional documentation.

willful neglect". <u>See, e.g.</u>, <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). The Commissioner bears the initial burden of production to introduce evidence that the return was filed late. <u>See</u> sec. 7491(c). In order to meet the burden of production, the Commissioner need only make a prima facie case that the imposition of the addition to tax is appropriate. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). The taxpayer then bears the burden of proving that the late filing was due to reasonable cause and not willful neglect. <u>United States v. Boyle</u>, 469 U.S. at 245; <u>Higbee v. Commissioner</u>, 116 T.C. at 447.

Respondent provided a Form 3050, Certification of Lack of Record, for petitioner for taxable year 2004, demonstrating that he never received a return from petitioner individually or as a joint return with Mr. McHaney. Respondent has therefore met the burden of production.

Petitioner believes that she and her husband timely filed a return. However, she was unable to offer proof of mailing, such as proof of certified or registered mailing. <u>See</u> sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs. Petitioner was also unable to provide proof that an electronic return was filed. <u>See</u> sec. 301.7502-1(d)(1), Proced. & Admin. Regs. Petitioner thus failed to show that her untimely filing was due to reasonable cause, and the Court must sustain respondent's determination of an addition to tax pursuant to section 6651(a)(1).

Respondent also determined that petitioner is liable for an addition to tax under section 6651(a)(2) for failure to pay her 2004 tax timely. Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return. With respect to the section 6651(a)(2) addition to tax, the Commissioner's burden of production requires him to introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question. The addition to tax is not imposed if the taxpayer demonstrates that the failure to pay is due to reasonable cause and not willful neglect. Sec. 6651(a)(2).

A return generated by the Secretary under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). Sec. 6651(g)(2). Under section 6020(b), a substitute for return is a set of documents signed by an authorized IRS employee that "identifies the taxpayer by name and taxpayer identification number, contains sufficient information from which to compute the taxpayer's tax liability, and purports to be a return." Sec. 301.6020-1(b)(2), Proced. & Admin. Regs. Respondent produced documents meeting these requirements by producing the SFR prepared on July 28, 2008, and petitioner did not pay the amount due on the SFR. Thus, respondent has met his burden of production.

Petitioner asserts the same reasonable cause arguments for section 6651(a)(2) as she did for section 6651(a)(1), i.e., that she and Mr. McHaney filed a joint return and paid the tax due.  While the Court recognizes that petitioner and Mr. McHaney sincerely believed that a return was filed and that any outstanding tax liability was paid, the record reflects that this did not occur.  Therefore, the Court sustains the addition to tax under section 6651(a)(2).

The Court has considered all arguments the parties have made, and to the extent not discussed herein, we find they are meritless, moot, or irrelevant.

To reflect concessions and this Court's conclusions stated above,

<u>Decision will be entered</u>

<u>under Rule 155</u>.